**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 30 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

PHILLIP KOKINDA,

 Petitioner-Appellant,

v.

JAMES SAFFLE, Warden,

 Respondent-Appellee.

No. 01-6263

(W.D. Oklahoma)

(D.C. No. 00-CV-2067-R)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the Petitioner's motion and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2). The case is, therefore, ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of res judicata, collateral estoppel, and law of the case. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Phillip Kokinda,[1] a state prisoner proceeding pro se, requests a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus.[2] Mr. Kokinda also requests leave to proceed *in forma pauperis* ("IFP") on appeal. Because he has not made the requisite showing of the denial of a constitutional right, see Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny a COA. Because Mr. Kokinda's petition presents no nonfrivolous legal argument in support of his assertions, we deny his request to proceed IFP, and we dismiss the appeal.

## I. BACKGROUND

Mr. Kokinda was convicted in Oklahoma of possession of a controlled dangerous substance with intent to distribute and of possession of a controlled

---

[1] Mr. Kokinda appears to have spelled his first name as either "Philip" or "Phillip" in proceedings before both the Oklahoma State courts and federal courts. Because he most often spells his first name with two "l"s in his handwritten petition, we adopt that spelling.

[2] We note at the outset that while the district court treated Mr. Kokinda's habeas petition as one filed under 28 U.S.C. § 2254, it is clear that his petition challenges the implementation of his sentence (i.e., Oklahoma retaining custody) and not the basis for it. As such, it is properly characterized as a petition filed under 28 U.S.C. § 2241. See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (explaining the distinctions between §2241 and § 2254 petitions). This recharacterization is inconsequential, however, since it is apparent that the district court addressed Mr. Kokinda's petition as a challenge to the implementation of his sentence. Additionally, the Oklahoma procedural default requirements discussed below are applied in the same manner to both § 2241 and § 2254 petitions. See id. at 866 ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254.").

dangerous substance without tax stamp. Mr. Kokinda was sentenced to two concurrent terms of 5 years' imprisonment; early in his sentence, however, the Oklahoma Department of Corrections ("ODOC") placed Mr. Kokinda on pre-parole conditional release. While on pre-parole release, Mr. Kokinda left Oklahoma in violation of the conditions of his release and was subsequently placed on escape status and charged with escape. Mr. Kokinda was thereafter convicted of new, unrelated drug charges in Kentucky. After completing his Kentucky sentence, Mr. Kokinda was extradited to Oklahoma in order to complete his original sentence, although the separate escape charge was dropped.

Upon his extradition back to the custody of the ODOC, Mr. Kokinda filed for state post-conviction relief. An Oklahoma trial court reached the merits of Mr. Kokinda's petition and denied him relief. His appeal of that decision was filed four days after the expiration of the time in which a timely appeal could be filed; thus, the Oklahoma Court of Criminal Appeals deemed the petition procedurally barred. See Rec. doc. 10, ex. C (OCCA Order Declining Jurisdiction, dated Nov. 6, 2000). As a result, Mr. Kokinda's state post-conviction appeal was dismissed.

Mr. Kokinda then filed a federal habeas corpus petition, alleging that his 5-year Oklahoma sentence continued to run during his Kentucky imprisonment and therefore that he had already served the full term of the sentence. The district

court, adopting the report and recommendation of a federal magistrate judge, denied Mr. Kokinda's request for federal habeas relief, apparently because his procedural default in state court was an independent and adequate state ground barring subsequent federal review. See Rec. doc. 18, at 1-2 (Dist. Ct. Order, dated June 15, 2001); see also, Coleman v. Thompson, 501 U.S. 722, 732 (1991) ("In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.").

Having concluded that the procedural default was based on independent and adequate state grounds, the district court next considered whether Mr. Kokinda was entitled to habeas relief under either of the two exceptions to the procedural default rule, those being: 1) a showing of cause for the default and actual prejudice as a result of the alleged violation of federal law; or 2) that failure to consider the claim will result in a fundamental miscarriage of justice, usually evidenced by actual or factual innocence. See Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The district court concluded that Mr. Kokinda failed to establish the applicability of either exception.

## II. DISCUSSION

Irrespective of whether his original petition was actually filed pursuant to § 2241 or § 2254, Mr. Kokinda needs a COA in order to appeal the denial of his habeas petition in the district court.    See Montez v. McKinna  , 208 F.3d 862, 868-69 (10th Cir. 2000)  . While a district court can grant a COA, the district court did not do so in this case.  Since the district court did not address the issue, a COA is deemed denied.  See Tenth Circuit Emergency General Order issued Oct. 1, 1996. Thus, this Court must grant a COA in order to address the merits of Mr. Kokinda's claim.

Because he is proceeding pro se, we construe Mr. Kokinda's allegations liberally.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam).  To be entitled to a COA, Mr. Kokinda must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  He may make this showing by demonstrating that the issues he raises are debatable among jurists, that a court could resolve the issues differently, or that the questions presented deserve further proceedings.  See Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Oklahoma law requires that Mr. Kokinda, in his petition for state post-conviction relief, "[raise a]ll grounds for relief available . . . in his original, supplemental or amended application."  Okla. Stat. tit. 22, § 1086.  Mr. Kokinda's failure to file a timely appeal of the denial of the federal constitutional

claims contained in his Oklahoma post-conviction petition bars him from asserting the same issue with the federal courts. See id. ("Any ground . . . not so raised . . . may not be the basis for a subsequent application . . . ."); Hale v. Gibson, 227 F.3d 1298, 1328 (10th Cir. 2000) (applying Oklahoma's procedural default statute against a habeas petitioner).

In his request for a COA, Mr. Kokinda suggests that since he was never prosecuted for escape, he finished serving the remainder of his Oklahoma sentence while in custody in Kentucky. However, Mr. Kokinda provides no basis for this argument, and this Court is unable to find any legal support for this proposition. Further, Mr. Kokinda's brief appellate petition provides no reasoning that would support his challenge to the procedural default bar—it appears that the dismissal of his state post-conviction petition "rests on independent and adequate state procedural grounds," thus requiring that we deny a COA absent a basis for applying one of the exceptions discussed above. Coleman v. Thompson, 501 U.S. 722, 730 (1991). Since this Court has not been presented with a substantial showing of the denial of a constitutional right, we cannot grant a COA.

Finally, we turn to Mr. Kokinda's request to proceed IFP on appeal. In order to succeed on his motion to proceed IFP pursuant to 28 U.S.C. § 1915(a), Mr. Kokinda "must show a financial inability to pay the required filing fees and

the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." <u>DeBardeleben v. Quinlan</u>, 937 F.2d 502, 505 (10th Cir. 1991). Since Mr. Kokinda has failed to show the existence of a reasoned, nonfrivolous argument in support of the issues he raises, we deny his request.

Accordingly, we DENY Mr. Kokinda's motion for a COA, DENY his motion to proceed *in forma pauperis,* and DISMISS his appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge